UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-24518-CIV-LENARD

**VIVIAN MESSINA,**

    Plaintiff,
vs.

**CHANEL, INC.,**

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND (D.E. 7)

**THIS CAUSE** is before the Court on Plaintiff Vivian Messina's Motion for Remand (D.E. 7), filed on December 21, 2010. Defendant Chanel, Inc., filed its Response in Opposition to Plaintiff's Motion (D.E. 12) on January 7, 2011, to which Plaintiff replied (D.E. 13) on January 10, 2011. Defendant and Plaintiff then both filed supplemental authority (D.E. 29 and 30) on May 13, 2011. Having reviewed the motion, response, reply, supplemental authority and the record, the Court finds as follows:

**I.    Factual and Procedural Background**

This action involves claims that Defendant fired Plaintiff, one of its sales specialists, in violation of the Florida Private Whistleblower Act ("FWA"), Florida Statute Section 448.101, *et seq*. On or about November 2, 2010, Plaintiff was fired by Defendant, allegedly after she complained to Defendant's management that she was being treated in a disparate manner compared to younger, similarly situated employees. (*See* Compl. ¶ 2, D.E. 1-1.)

On November 23, 2010, Plaintiff, a Florida resident, filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging violation of the FWA. (*Id*. ¶¶ 10-12.) Defendant is incorporated in New York with its principal place of business there. (Not. of Removal ¶ 7, D.E. 1.) Plaintiff demands judgment against Defendant under the FWA, limited to less than $75,000.00. (*See* Compl. ¶1 and Prayer for Relief.)

Defendant removed to this Court on December 17, 2010, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. of Removal ¶ 5.) Defendant argues that complete diversity of citizenship exists between the parties and the amount in controversy is met. (*Id*. ¶ 10.) Defendant concedes that because Plaintiff makes a specific claim for damages in her Complaint (Prayer for Relief), it bears the burden of showing to a legal certainty that the amount in controversy is greater than $75,000. (Resp. at 3, citing *Ponce v. Fontainbleau Resorts*, LLC, 653 F. Supp. 2d 1297 (S.D. Fla. 1297).)

Using Plaintiff's latest salary, $9,590.14 per month, Defendant calculates that her lost wages at estimated time of trial (in July 2012), as available to her under the FWA, would amount to $172,622.52. (Resp. at 4-5; *see* Decl. of Daniel Rosenberg ¶ 6, D.E. 1-5.) Defendant also notes that the FWA allows for attorney's fees, further adding to the total. (*Id*.) To further support its argument that amount in controversy is met, Defendant cites to Plaintiff's refusal to stipulate to a damages cap and Plaintiff's deposition at which she admitted she is seeking lost wages "easily in the six figures." (*See* Resp. at 5-7; Not. of Supp. Auth. at 2.)

Plaintiff responds to Defendant's arguments by reiterating her intent to limit her claims "for any and all relief available to her," including "fees, costs and damages/relief of every kind as contemplated by § 448.103," to less than $75,000. (Reply at 2; Pl.'s Supp. Auth. at 1.) She cites to her deposition where she agrees to limit her wage claim to less than $75,000. (Pl.'s Supp. Auth. at 1.)

## II.  Discussion

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts are courts of limited jurisdiction," *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). The party attempting to invoke federal jurisdiction bears the burden of establishing it. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 & n.8 (11th Cir. 2006). When the "plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

The diversity statute requires that amount controversy exceed $ 75,000.00 to establish federal jurisdiction. 28 U.S.C. 1332(c).[1] Where a plaintiff asserts a specific claim for damages in her *ad damnum* clause that is less than the jurisdictional amount, the

---

[1]  The parties do not dispute that complete diversity of citizenship exists in this case.

defendant, in order to establish removal jurisdiction, must prove to a legal certainty that plaintiff would not recover below the amount in controversy requirement. *Burns*, 31 F.3d at 1097. Defendant acknowledges that this higher burden applies in this action. (*See* Resp. at 3.)

Thus, to remain in federal court, Defendant must show that, "if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $[75,000]." *Burns*, 31 F.3d at 1096. The standard is an objective one; the subjective intent of plaintiff's trial counsel in drafting the *ad damnum* clause is not relevant. *Id.*

Defendant makes three showings in support of its contention that it can prove to a legal certainty that Plaintiff would not recover less than $75,000 in this case: (1) its calculations that her back pay through trial, based on her last annualized salary, would greatly surpass $75,000; (2) Plaintiff's counsel's "gamesmanship" in refusing to stipulate to, *inter alia*, a damages cap; and (3) Plaintiff's deposition testimony that her claim is easily into the six figures. In light of the *Pretka v. Kolter City Plaza II*, this Court may consider such evidence in deciding a motion to remand. 608 F.3d 744 (11th Cir. 2010). Upon review, the Court finds that Defendant has proved with legal certainty that Plaintiff, if successful on liability, would recover more than the jurisdictional amount. *Cf. Burns*, 31 F.3d at 1096.

Defendant's most convincing showings are the calculation of back pay, which at time of trial will be $172,622.52 and Plaintiff's own admission of the value of her claim.

4

(Resp. at 4 (determining Plaintiff's latest salary amounted to $9,590.14 per month and multiplying that an estimated eighteen months until trial in this case); *see* Rosenberg Decl. ¶ 6; Ex. to Supp. Auth. at 6.)  No matter how her claims are couched, Plaintiff considers her damages the lost wages she would have received while in Defendant's employ. (*See* Ex. to Supp. Auth. at 5-6.)  As currently pled, she seeks to avail herself of all damages and relief available under the FWA.  The FWA allows for a variety of damages, including legal and equitable relief (such as front pay) to make the Plaintiff whole through time of judgment.  *See* Fla. Stat. § 448.103(2).  Thus, at time of trial, currently scheduled for March 2012, it is certain that Plaintiff will have accrued over $75,000 in lost wages.

In her motion and reply, Plaintiff makes no attempt to dispute these calculations, instead maintaining that her prayer for relief specifically limits her recovery to $75,000 and citing the *Ponce* decision as controlling.  (Mot. at 4; Reply at 1.) Nor does Plaintiff contend that her subsequent employment (if it exists) and mitigation of damages should be entitled to set-off.  Even if she did, any set-off is "irrelevant at the jurisdictional stage." *Taylor v. Air Atlanta Icelandic*, 2011 U.S. Dist. LEXIS 37949, *6 (S.D. Fla. Mar. 25, 2011) (Cohn, J.).  Consequently, the Court is left with only Defendant's well-supported calculation of lost wages.

*Ponce*, decided by a sister court in this District, is legally and factually distinguishable from the instant case.  *Ponce* follows *Lowery v. Alabama Power Co.*, a pre-*Pretka* decision which limited the materials a court could consider on a motion to

5

remand.  *See Ponce,* 653 F. Supp. 2d at 1304; *see also Lowery*, 483 F.3d 1184 (11th Cir. 2007).  *Ponce* also cites the discretionary language of the statute under which plaintiffs sued,[2] as well as defendant's unsupported assertion that plaintiffs earned only $25,000 yearly at termination, to find that defendant could not prove to a legal certainty that the plaintiff would not receive more than the jurisdictional threshold.  653 F. Supp. 2d at 1305.  Therefore, *Ponce* is not controlling to this case.

Finally, the Court notes Plaintiff's refusal to stipulate to a damages cap but gives this fact little weight.  "The Eleventh Circuit has said that there are several reasons why a plaintiff would not stipulate to the amount in controversy, so that a refusal to stipulate, standing alone, does not satisfy the defendant's burden of proof."  *Mathew v. S&B Engineers and Constructors, Ltd.*, 2009 U.S. Dist. LEXIS 108926, *5 (M.D. Fla., Jan. 9, 2009) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001)).

Because Defendant has proven that the range of awards to Plaintiff would exceed $75,000 to legal certainty, the amount in controversy requirement has been met and this Court has jurisdiction over this action.

## III.  Conclusion

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff Vivian Messina's Motion to Remand (D.E. 7), filed on December 21, 2010, is **DENIED**.

---

[2]     The Florida Civil Rights Act, Fla. Stat. § 760.11(5).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of July, 2011.

/s/ Joan A. Lenard
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE